# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **ROGER BLUM, JR.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**KILOLO KIJAKAZI,** )<br>**Acting Commissioner of Social** )<br>**Security,** )<br>)<br>**Defendant.** ) | Case No.: 5:20-cv-01538-LCB |

## MEMORANDUM OPINION

On October 4, 2021, Plaintiff, Roger Blum, Jr., filed a Complaint seeking judicial review of the Commissioner of the Social Security Administration's adverse action in accordance with 42 U.S.C. § 405(g). (Doc. 1). The Commissioner filed an Answer on May 17, 2021. (Doc. 18). Blum filed a Brief in Support of his position on July 1, 2021 (Doc. 20), and the Commissioner filed a Response on August 2, 2021. (Doc. 21). Blum did not file a Reply. For the following reasons, the Commissioner's final decision is **AFFIRMED**.

## I.     Background

Blum filed an application for social security disability benefits on October 11, 2018. (Tr. 119-20).[1] His claim was denied was November 21, 2018. (Tr. 57-61).

---

[1] "Tr" denotes the page number assigned in the administrative record filed by the Commissioner. *See* (Docs. 18-3 to 18-8).

1

After his claim was denied, Blum requested a hearing before an Administrative Law Judge. (Tr. 62-63). That hearing took place on December 9, 2019. Blum was represented by counsel. (Tr. 26-42). Charles Wheeler, a Vocational Expert, also testified at the hearing. (Tr. 34-36). The ALJ issued an adverse decision on January 6, 2020. (Tr. 15-25). Blum requested review of the ALJ's decision before the Social Security Appeals Council, and the Council denied his request for review on August 6, 2020. (Tr. 1-3). This lawsuit followed.

## II.    The ALJ's Analysis

The ALJ issued a written opinion explaining her decision following Blum's evidentiary hearing. (Tr. 18-22). In her order, the ALJ followed the five-step evaluation process set out by the Social Security Act. 20 C.F.R. § 416.920(a). In accordance with that standard, each step is followed sequentially and, if it's determined that the claimant is or isn't disabled at a particular step, the ALJ won't proceed to the next step.

The first step of the five-step analysis requires the ALJ to determine whether the claimant is engaging in substantial gainful activity, which is defined as work involving significant physical or mental activities usually done for pay or profit. If a claimant is engaged in substantial gainful activity, he is not disabled, and the inquiry stops. Otherwise, the ALJ will proceed to step two. In the present case, the ALJ found that Blum had not engaged in substantial gainful activity during the period

from his alleged onset date of September 30, 2021 through his date last insured of March 31, 2017. (Tr. 20). Accordingly, the ALJ moved to step two.

At step two, ALJs must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 C.F.R. § 416.920(c). An impairment is severe if it "significantly limits [a claimant's] physical or mental ability to do basic work activities. . . ." *Id.* If a claimant does not have a severe impairment, he is not disabled, and the inquiry ends. The ALJ found that Blum had medically determinable impairments of insomnia and chronic pain. (Tr. 20). The ALJ found, however, that Blum's neck problems, status post leg fracture, nonmalignant brain tumor, poor hearing, and learning disability were not medically determinable impairments due to a lack of objective evidence. *Id.* Accordingly, the ALJ found that Blum did not have a severe impairment or combination of impairments. (Tr. 21). The ALJ therefore concluded Blum was not disabled as defined by the Social Security Administration.

### III.   Standard of Review

The Court must determine whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (internal citation and

quotation marks omitted). "This limited review precludes deciding facts anew, making credibility determinations, or re-weighing the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*). Thus, while a reviewing court must scrutinize the record as a whole, the court must affirm the Commissioner's decision if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. *E.g., Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (*per curiam*); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.    Blum's Argument

Blum presents one issue for review, asserting it constitutes reversible error. (Doc. 20 at 6). Blum contends the ALJ's determination that Blum did not suffer from a severe impairment during the relevant period was not supported by substantial evidence. As explained below, Blum's argument is meritless.

At step two, a claimant must satisfy three factors to show they suffer from a severe impairment. First, the claimant must show that he is not working because he suffers from an impairment. Impairments must result from an anatomical physiological, or psychological abnormality which can be shown by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1502(c)-(g). Second, the impairment must be severe. An impairment is severe when it significantly limits a claimant's physical or mental ability to do basic work activities.

20 C.F.R. § 404.1520(c). Third, the claimant must have suffered from the impairment or must expect to suffer from the impairment for at least twelve months. 20 C.F.R. § 404.1509.

As an initial matter, the claimant bears the burden of showing disability. *Moore*, 405 F.3d at 1211. "Unless the claimant can prove, as early as step two, that [he] is suffering from a severe impairment, [he] will be denied disability benefits." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). That being said, "[t]he claimant's burden at step two is mild." *Id.* To find that an impairment is not severe, the ALJ must determine "the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Id.*

Blum argues that the ALJ did not consider the record as a whole and instead relied on isolated notations in the record. (Doc. 20 at 7). In support, Blum cites *Chambers v. Astrue*, which held that "the ALJ cannot pick and choose among a doctor's records to support his own conclusion." 671 F. Supp. 2d 1253, 1258 (N.D. Ala. 2009). Blum primarily takes issue with the ALJ's reliance on the physical examination findings from his February 2016 visit. Specifically, Blum points out that the same record indicates that he suffered from chronic pain and insomnia. (Tr. 210). Blum additionally points out that physicians filled prescriptions for pain

management and that other medical records contain chronic pain diagnoses. (Doc. 20 at 9).

Blum's arguments fail for two reasons. First, the Eleventh Circuit has made clear that a diagnosis alone is insufficient to show a severe impairment. *See, e.g.*, *Moore*, 405 F.3d at 1212 n.6; *Wind v. Barnhart*, 133 Fed. App'x. 684, 690 (11th Cir. 2005). Instead, a claimant must provide evidence showing that an impairment impacts his ability to work. *McDaniel*, 800 F.2d at 1031. Second, and similarly, the Eleventh Circuit has consistently found that prescriptions alone are insufficient to show that an impairment is severe. *See, e.g., Smith v. Comm'r of Soc. Sec.*, 501 Fed. App'x. 875, 879 (11th Cir. 2012) (*per curiam*). Put simply, Blum has not shown that his medications or diagnoses negatively impacted his ability to work. Accordingly, the ALJ did not erroneously find that Blum has no severe impairment.

Furthermore, Blum's medical evidence does not establish that he suffered from an impairment for twelve consecutive months. The Court has reviewed the record and finds that it does not show that Blum suffered from an impairment for a consecutive twelve-month period. For the relevant period of September 30, 2012 through March 31, 2017, there are just seven medical records. (Tr. 203-14). The physical examinations and treatment notes from those visits are largely unremarkable. The notes occur in March of 2013, October of 2013, May of 2014, March of 2015, December of 2015, February of 2016, and March of 2016.

Put generously, Blum has provided very scant evidence of medical treatment during the relevant period. And both the regulations and this Circuit make clear that a lack of medical treatment during the relevant period is itself substantial evidence that the impairment was not severe. *See* 20 C.F.R. § 404.1529(c); *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (*per curiam*). For the records that Blum did provide, the ALJ considered them, discussed relevant records, and found that their unremarkable nature did not support a finding that Blum was severely impaired. (Tr. 21-22). Ultimately, given the scant evidence presented by Blum, the unremarkable nature of the notes from the relevant period, and the detailed discussion of the relevant records by the ALJ, the Court finds that the ALJ's decision that Blum did not suffer from a severe impairment is supported by substantial evidence.

## V.  Conclusion

For these reasons, the Commissioner's decision is **AFFIRMED**. A final order will be entered separately.

**DONE** and **ORDERED** November 29, 2021.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE